United States District Court
for the Northern District of Ohio

FILED

Frederick Banks, Plaintiff,
v.

Donovan Cocas, AUSA; Adrian N. Roe;
Honorables McKEE, Chief Judge, AMBRO;
FUENTES*; SMITH; FISHER; CHAGARES;
GREENAWAY JR.; VANASKIE; SHWARTZ;
KRAUSE; HARDIMAN; and RESTREPO,
Circuit Judges; Mark R. Hornak; Adrian Roe;
United States District Court for the Western
District of Pennsylvania; Robert Cessar, AUSA;
Soo Song US Attorney;
Mike Pompeo; S.A. Sean Langford; S.A. Robert
Werner; S.A. Scott Smith; Federal Bureau
of Investigation; Central Intelligence Agency; United States Marshals Service;
c/o U.S. Attorney's Office, 4000 US Courthouse, 700 Grant Street
Pittsburgh, PA 15219; Adrian Roe, Esquire, 428 Blvd of the Allies, Fifth Floor, Pittsburgh, PA 15219;
SIS Lt. Perez; SIS Tech Llyod, PO Box 1600, Butner, NC 27509; Defendants.
Defendants.

Civil No.

2017 JUL 18 AM 11:44

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

JURY TRIAL DEMANDED

4 17 CV 1512

## COMPLAINT FOR A WRIT OF MANDAMUS

Plaintiff Frederick Banks ("Banks") moves the court for a writ of mandamus and represents as follows;

1. Defendants in this case have caused Banks competency appeal in the Third Circuit to be delayed which violated his Sixth Amendment Right to a Speedy Trial.

2. On April 22, 2016 District Judge Mark R. Hornak entered an order committing Banks to the Attorney General for purposes of a fourth mental evaluation to stand trial. As a result Banks was transferred to FCI Butner Medium. During the pendency of these proceedings Banks asserted numerous times that he had served more time than his maximum guidelines range and that he was entitled to be released. On 10/6/2016 Hornak entered an order committing Banks to a mental hospital at FMC Butner, NC for restoration to restore competency to stand trial. Banks was however not transferred to Butner until 12/6/2016. The entire time Banks asserted that he was not mentally ill and the proceedings were being delayed by the Court, the government and his own counsel to keep covered up the fact that Banks was exposing a previous set up by the FBI in a different case. See Banks v. Pivnichny, et al., Civil Action No. 2:15cv369-WKW, 2015 U.S. Dist. LEXIS 81072 (M.D. Ala.). Defendant's owed Banks a duty to protect his contsitutional rights by virtue of their oaths of office and breached that duty by doing the herein violations.

3. Banks appealed the order committing him for restoration to the Third Circuit Court of Appeals and filed a pro se Brief of Appellant citing numerous issues of error. Hornak kept Banks unlawfully confined at the FMC when he knew or had reason to know that Banks had no mental illness. In fact Banks prepared the Notice of Appeal in USA v. Cabrera whle he was serving time with Mr. Cabrera on a violation at NEOCC which case had reversed Judge Hornak in the third circuit. See United States v. Cabrera 660 Fed. Appx. 126; 2016 US App LEXIS 150912016 U.S. App. LEXIS 15091; No. 14-4083 (3rd Cir. 2016). While Banks was complaining that he was not mentally ill the court held yet another competency hearing on April 28, 2017 in which Dr. Allissa Marquez testified that Banks was "never incompetent" and "he has no mental disease or defect." In May FMC Butner discharged Banks with a certificate of competency. In other words the proceedings were drawn out only to keep Banks confined.

4. At a July 10, 2017 Bond hearing Banks learned that he real property was unlawfully transferred to a new owner without any notice or consent and all of his property was removed from the home. In essense the unwarranted delay caused Banks to lose over $400,000 in property when he was never mentally ill to begin with and had no reason to be committed. Roe filed the motion for the evaluations and the government and Judge Hornak only did this to delay the case to keep Banks confined because he had filed civil lawsuits against the government to expose the previous set up as alleged in Banks v. Pivnichny. Judge Hornak had many many hearings but did not make substantive rulings. Banks is now confined over five more months than his top end guidelines sentence or as Hornak alleges has completed over 90% of his time yet he is still being confined. According to counsel Roe the government offered on at least two occasions a time served plea. Why then is Banks still confined? The confinement was to punish him and to keep covered up the Western District of PA's unlawfully activity by Hornak, Robert Cessar, Adrian Roe, Langford, Werner, and the FBI and others.



1

5. Cocas and Roe conspired to delay the proceedings by entering into consent motions to continue the competency appeal. See United States v. Banks 16-3794 (3rd Cir.) because they both knew that the appeal would result in the reversal of Hornak's finding of incompetency. No one in their right mind would believe that Banks was incompetent. The circuit judges named above personally participated in this conspiracy by allowing these unlawful continuaces and therefore violated their duties owed under 28 USC 453 because they certainly did not do right by the poor and the rich and violated Due Process and the Sixth Amendment Speedy Trial rights of Banks. Hornak, Cessar, Langford, Roe and Werner were brilliant on enforcing the laws of the government against Banks but did not do the same when it came to following them. If you're white in the Western District of Pennsylvania Hornak and Pesto allowed a bond if you were an Indian, Black or a minority they did not. See and *Compare* Cabrera, Banks and Free (WDPA). This racial discrimination was in violation of the Fifth Amendment Equal Protection clause. Cabrera and Banks were in a seperate protected class of minorities (Banks is an American Indian though his files have him wrongly listed as Black and Cabrera is Hispanic and Free is White) outside of Free's class and were treated differently than Free. In the alternative Hornak created a clasas of one when he failed to timely rule on Bond and delayed the proceedings to punish Banks for filing civil lawsuits so that he could justify keeping him confined on the auspices that he had no where to reside. Banks has an indisputable right to relief. The court should issue the mandamus against defendant's and the US Attorney to conduct a criminal investigation against defendant's. Noted that the Prison Litigation Reform Act does not apply in this case because the underlying action is criminal not civil in nature. See Madden v. Myers (3rd Cir.)

6. **WHEREFORE** & Accordingly, damages are appropriate against defendant's in the amount of $400,000.00 plus costs, inerests and fees, and a mandamus ordering defendant's to do their duties and get the case moving. Adrian Roe and Cocas should be removed from the case for conspiring to delay as should Cessar and Hornak. The court should order that Banks be immediately discharged from unlawful confinement along with all other requested or warranted relief. Judgment should be entered for Plaintiff and against Defendants. A hearing should be held.

### COMPLAINT FOR A WRIT OF QUO WARRANTO, PROHIBITION AND MANDAMUS

Plaintiff Frederick Banks, an American Indian files the foregoing complaint and alleges as follows; This court has jurisdiction because the statements were read by people in this district and caused harm to plaintiff.

7. Judge Mark Hornak defamed publically Plaintiff when he stated at a July 10, 2017 hearing that Plaintiff was involved in millions of dollars of illegal stock trades. Plaintiff is charged in the criminal matter with attempted wire fraud related to forex.com applications and trade totalling under $200,000. Forex is currency traded on the foreign exchance it isn't stocks nor securities because it's not registered. Hornak intentionally mis-stated the facts to keep plaintiff confined and to delay the case. Robert Cessar the AUSA cited to the 80's band "Flock of Seagulls" at the hearing because he wanted to see plaintiff exiled from his native home of Pittsburgh, PA which is why Cessar, Roe and Hornak caused Plaintiff to be put into a mental hospital and on mental evaluations for two years so that he would be forced from his home because of the lawsuits plaintiff filed against the FBI and the government to expose the fact that the FBI set him up in a previous criminal case Google: "Banks v. Pinvichny" which resulted in a finding from Dr. Allissa Marquez at FMC Butner that plaintiff was never incompetent and has no mental disease or defect. While at Butner SIS LT Perez and SIS Tech Llyod filed false, fabricated and frivilous reports against Plaintiff at the request of the FBI and government to doctor his file so that he could be made to look dangerous for the sole purpose of keeping him confined in prison. In short Honak, Perez, Llyod, Cessar, and Roe conspired together to keep Plaintiff confined by riddling the public record with lies that defamed Plaintiff's character and libeled it by continually calling him incompetent which caused him to be removed from his home and placed into prison beyond his maximum top end guidelines sentence over 5 more months than the case carried. Hornak recognized the his own bias when he stated on 7/10/17 that if he were to recuse because of his association with Magistrate Judge Cynthia Reed Eddy (Eddy along with Pivnichny were involved in the case fixing scheme that set up plaintiff in USA v. Banks 03-CR-245 (WDPA) at the time of their scam Judge Eddy was an attorney) that he would have to find a Judge from a District outside of the Western District of Pennsylvania to sit on this case. Plaintiff readily agreed with Honak that this should immediately occur. To date Hornak has not made a decision on this nor Plaintiff's release even though he is well over his maximum prison term even if he were convicted on all the charges. The defamation and libel held plaintiff's name out in a bad light and damaged his public and private reputation and caused him both personal and economic harm. Also, the allegation that Plaintiff was incompetent because he would not accept a time served guilty plea violated the presumption of innocence in violation of the Fifth and Sixth Amendments. Soo Song personally participated in this illegal running of the ship and violated Plaintiff's rights. Adrian Roe sent Robert Cessar an email on June 7, 2017 requesting FISA (Foreign Intelligence Surveillance Act) materials yet Roe, Hornak and Cessar continue to assert that Plaintiff is delusional for wanted to see if the government had a FISA order or have FISA materials on Plaintiff which material could also contained Brady exculpatory evidence to defend the criminal case.

8. That defendant's in his criminal case have delayed the case to intentionally keep him confined beyond his maximum term.

Defendant is being unlawfully held beyond his maximum possible sentence which is 38 months with good time. Defendant has over 45 months served which includes 20 months for prior credit time. Adrian Roe continues to lie and assert that defendant isn't over his max sentence.

9. Defendant's Adrian Roe, Esquire; Mark R. Hornak, J; Robert Cessar, AUSA; Soo Song, US Attorney; United States District Court for the Western District of Pennsylvania; S.A. Sean Langford; S.A. Robert Werner; S.A. in Charge Scott Smith; Mike Pompeo;
Federal Bureau of Investigation; Central Intelligence Agency; have delayed the criminal case to keep Plaintiff confined unlawfully by asserting that Plaintiff was mentally ill. On April 28, 2017 Dr. Allissa Marquez testified that Plaintiff "was never incompentent" and does not have a "mental disease or defect". In violation of the Sixth Amendment Right to Speedy Trial and constituted an Abuse of the Competency Process.

10. Counsel Adrian Roe gave Plaintiff one option which was to plead guilty and asserted that Plaintiff was "delusional" because he declined to accept a time served plea deal and instead requested to proceed to trial and represent himself in violation of 28 U.S.C. 1654 and in violation of the Fifth Amendment Due Process Clause. Hornak held yet another hour long evidentiary hearing yet did not make substantive rulings seeks to appoint additional counsel to delay the case further.

11. Plaintiff seeks declaratory relief against Judge Hornak declaring that the Judge has unlawfully delayed the case in violation of his clear legal duty in 28 USC 453 owed to Plaintiff. Plaintiff seeks monetary relief against all of the other defendant's for asserting frivolous legal positions to delay his case and under threat, duress and coercive tactics giving him one option which was plead guilty or we will keep you confined and kept Plaintiff confined over his maximum possible sentence. Under Booker, Blakely, Cunningham and Apprendi the maximum possible sentence is not what the charge carries but what the top end of the guidelines range is without any additional judicial fact finding. Judge Hornak claimed that this law did not apply to Plaintiff, a federal pretrial inmate. The Court should order Honrak to do his duty owed and get the case moving. The court should order that these public and private officials be removed from office and sanctioned in the most effective matter along with all other requested or warranted relief and should be prevented upon threat of criminal charges from committing the same going forward in the future. See O'Bryan v. Chandler (10th Cir.)(stating that a Judge has the power to present criminal wrong doing to a grand jury under the common law) In addition Plaintiff should be discharged from unlawful confinement. Defendant's violated by the doing the above the First, Fourth, Fifth and Sixth Amendments.

6. Since Defendant's violated Plaintiff's constitutional rights he is entitled to damages against them and they are liable in the amount of 855,000,000.00 plus costs interests and fees. **Imminent Danger** - Judge Hornak is keeping plaintiff confined beyond his max top end guideline sentence because of his suits against the government in violation of the first amendment and there was a recent stabbing of a prisoner at NEOCC and officials here haven't taken precautions to prevent future inmate stabbings. Vandiver v Vasbinder (2011, CA6 Mich) 416 Fed Appx 560, 2011 FED App 181N; Chavis v Chappius (2010, CA2 NY) 618 F.3d 162

**WHEREFORE**, Judgment should be entered against Defendant's and for Plaintiff in the amount of $855,000,000.00 plus costs, interest and fees, Defendant's should be removed from public office. Plaintiff should be discharged from custody along with all other requested or warranted relief.

Respectfully submitted,

Frederick Banks
05711068
NEOCC
2240 Hubbard Road
Youngstown, OH 44505

PLAINTIFF

3