**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| FREDERICK BANKS, | ) | CASE NO. 4:17 CV 1512 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| DONOVAN COCAS, *et al.*, | ) | <u>ORDER</u> |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Frederick Banks filed this civil rights action, calling it a "Complaint for Writ of Mandamus" against three Assistant United States Attorneys, twelve Federal Circuit Court of Appeals Judges, the United States District Court for the Western District of Pennsylvania, the Federal Bureau of Investigation ("FBI"), three FBI agents, the Central Intelligence Agency ("CIA"), the CIA Director, the United States Marshal Service, two FCI Butner employees, and a private attorney. In the pleading, Banks challenges his on-going criminal prosecution in the Western District of Pennsylvania, claims he was defamed by his trial judge and the United States Attorneys assigned to his case, and claims the FBI and the CIA are conspiring to keep him incarcerated. He seeks monetary damages, removal of the Defendants from their official positions, dismissal of all charges and release from detention.

Banks also filed a Motion to Proceed *In Forma Pauperis* ("IFP")(ECF No. 2). For the reasons that follow, the Motion to Proceed IFP is denied and this action is dismissed pursuant to 28 U.S.C. § 1915(g).

**I.      28 U.S.C. § 1915(g)**

Banks is no stranger to the federal courts. Since his incarceration, he has filed a multitude of civil rights actions against his jailers, various state and federal government agencies, and political figures, challenging the conditions of his confinement.

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the complaint. 28 U.S.C. § 1915(b). When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id*. Moreover, absent imminent danger, the benefit of the installment plan is denied to prisoners who have on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g).

In interpreting the "three strike" language of this section, the United States Court of Appeals for the Sixth Circuit has held that "where a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369,

377 (6th Cir. 2007). Dismissals of actions entered prior to the effective date of the Prisoner Litigation Reform Act ("PLRA") also are counted toward the 'three strikes referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). Additionally, a petition for writ of mandamus is a "civil action" within the meaning of 28 U.S.C. § 1915(g), and as such, is counted toward the three strikes where the prisoner's mandamus claims are essentially indistinguishable from those typically alleged in a civil rights action. *See In re Kissi*, 652 F.3d 39, 41-42 (D.C. Cir. 2011); *In re Nagy*, 89 F.3d 115, 117 (2d Cir. 1996); *Green v. Nottingham*, 90 F.3d 415, 417-18 (10th Cir. 1996) ("The IFP amendments specifically target litigation by prisoners. Allowing prisoners to continue filing actions as they had before enactment of the amendments, merely by framing pleadings as petitions for mandamus would allow a loophole Congress surely did not intend in its stated goal of 'discourag[ing] frivolous and abusive prison lawsuits.'" (quoting H.R. Conf. Rep. No. 104-378, at 166 (1995))).

As the language of 28 U.S.C. § 1915(g) indicates, the three strike provision will not apply if a "prisoner is under imminent danger of serious physical injury." For purposes of interpreting the statute, the Court considers whether the litigant is in imminent danger at the time of the filing of the complaint. *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) ( "[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Moreover, the imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver*, 416 F. App'x at 562; *see Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007)

-3-

(suggesting that courts should focus solely on the facts alleged in the complaint when deciding whether a prisoner faces imminent danger).

**III.     Analysis**

Banks is a well-established, multi-district, frequent filer, who has, on well more than three prior occasions, "brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(g). In 2014, this Court conducted a brief search at the district court level, and found over 245 cases that Banks filed in the Northern District of Ohio, the District of Massachusetts, the Southern District of Mississippi, the District of Columbia, the Southern District of New York, the Western District of New York, the District of Colorado, the District of Arizona, the Southern District of Florida, the Middle District of Florida, the Eastern District of North Carolina, the Middle and Western Districts of Pennsylvania, the Eastern District of Missouri, the Eastern District of New Jersey, the Eastern District of Arkansas, the Western District of Oklahoma, the District of Utah, and the District of Alaska.[1] Of those cases, 56 were dismissed as frivolous pursuant to 28 U.S.C. § 1915(e), and 133 were dismissed pursuant to the three strikes provision of 28 U.S.C. § 1915(g). Furthermore, Banks attempted to circumvent dismissal under § 1915(g) by filing 29 civil rights actions 28 U.S.C. § 2241 habeas petitions. Those 29 cases were dismissed as frivolous or as improper filings. He has filed many more cases since 2014, seven of which were filed in this Court, and 40 of which were filed in the Western District of Pennsylvania.

Banks has not limited his litigious activities to civil rights and habeas actions. In the Western District of Pennsylvania, Banks filed 27 adversarial cases in Bankruptcy Court and then

-4-

appealed the summary dismissal of those actions to the District Court. He filed 25 of those appeals on the same day, and filed the other two appeals one month later. All 27 cases were summarily dismissed as inappropriate filings in a bankruptcy action. In addition, Banks filed motions to appear ad hoc vice as counsel for the defendant in 2 criminal cases in Florida. In one of those cases, the Defendant indicated to the court that he did not solicit or desire Banks's representation.

In fact, Banks's frivolous filings became so prolific that the Western District of Pennsylvania, the Middle District of Pennsylvania, and the Eastern District of Arkansas each took the extraordinary step of enjoining Banks from filing any additional actions without leave of court. The Western District of Pennsylvania indicated Banks had filed at least 304 civil actions between November of 2004 and July 2013. *See Banks v. Unknown Named Number of U.S. Postal Inspectors*, No. 2:13-cv-1198 (W.D. Pa. Oct. 1, 2013).

Banks's captioning of his pleading in this action as a habeas petition under 28 U.S.C. § 2241 does not defeat the application of the PLRA's prohibition on proceeding IFP in this action. Banks asserts claims for retaliation and harassment by the CIA. He seeks monetary damages. These are allegations for a civil rights action, not a habeas corpus action challenging the manner in which a sentence is being carried out. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). His pleading is without a doubt a 'Complaint,' no matter what he titles it. BLACK'S LAW DICTIONARY (9th ed. 2009) (defining Complaint as an "initial pleading that starts a civil action and states the basis for the court's jurisdiction, the basis for the Plaintiff's claim, and the demand for relief."). *See, e.g., Banks v. Warden, FPC Cannan*,

No. 11–668, 2011 WL 1542132, at *1 n. 2 (M.D. Pa. April 21, 2011) ("Although styled as a 'complaint for a writ of mandamus' it is clear that Plaintiff is initiating a civil action."); *Banks v. Sager*, No. 11–741, 2011 WL 1542136, at *1 (M.D. Pa. April 21, 2011) (same); *Banks v. Lappin*, No. 08–152, 2008 WL 2874193 (D.D.C. July 25, 2008) (vacating grant of IFP to Plaintiff in a proceeding Plaintiff captioned as a mandamus, rejecting that characterization, stating: "[I]t would defeat the purpose of the PLRA if a prisoner could evade its requirements simply by dressing up an ordinary civil action as a petition for mandamus or prohibition or by joining it with a petition for habeas corpus." (quoting *In re Smith*, 114 F.3d 1247, 1250 (D.C. Cir. 1997))).

Because Banks has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), he cannot proceed *in forma pauperis* in this action unless he has adequately pled that he was under "imminent danger of serious physical injury" at the time he filed his Complaint. To be considered imminent, the danger must be contemporaneous with the Complaint's filing. *Vandiver*, 416 F. App'x at 562 (finding that "[b]ecause § 1915(g) uses the present tense in setting forth the imminent danger exception, it is clear from the face of the statute that the danger must exist at the time the complaint is filed."); *see also Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) (plaintiff sufficiently alleged imminent danger of serious physical injury where he claimed that he was placed near inmates on his enemy list and subjected to ongoing danger); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (past body cavity searches failed to establish imminent danger of serious physical injury); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999) (allegation of past physical injury is insufficient to meet statutory exception). Conclusory or vague allegations of some potential danger are insufficient to satisfy the exception to the three strikes rule. *Thompson v. Sampson*, No. 1:10–cv–231, 2010 WL 1027897, at * 2–3

(W.D. Mich. Mar. 18, 2010). Similarly, a prisoner with three strikes falls outside the exception when he is no longer in danger at the initiation of proceedings in federal court. *Vandiver*, 416 F. App'x at 562.

None of the allegations in Banks's Complaint suggest that he is under imminent danger of serious physical injury. The exception to 28 U.S.C. § 1915(g) does not apply in this case, and Banks may not proceed *in forma pauperis*.

**IV.     Conclusion**

Accordingly, Banks's Motion to Proceed *In Forma Pauperis* (ECF No. 2) is **denied** and this action is dismissed, without prejudice, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g). If Banks wishes to continue this case, he must within thirty (30) days of the entry of this Order: (1) pay the $400 filing fee in full, noting the above case style and number; and (2) file a motion to reopen the case. The Clerk's Office shall not accept any additional documents for filing in this case unless the $400 filing fee is paid in full. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date:   September 13, 2017              */s/ John R. Adams*
                                        JOHN R. ADAMS
                                        UNITED STATES DISTRICT JUDGE



1.     Cases filed by Banks which were dismissed as frivolous, malicious or failed to state a claim under 28 U.S.C. § 1915(e); were dismissed under the three strikes provision of 28 U.S.C. § 1915(g); or were dismissed because they were civil rights actions filed inappropriately as bankruptcy appeals or habeas petitions under 28 U.S.C. § 2241:

Northern District of Ohio: *Banks v. Action Software*, No. 1:07 CV 930, (N.D. Ohio July 9, 2007)(§ 1915(e)); *Banks v. Scarsborough*, No. 4:13 CV 170 (N.D. Ohio Mar. 29, 2013)(§1915(g)); *Banks v. Pugh*, 4:13 CV 335 (N.D. Ohio Aug. 7, 2013)(civil rights action filed improperly under §2241); *Banks v. U.S. Marshal,* No. 4:13 CV 490 (N.D. Ohio June 19, 2013)(§1915(e)); *Banks v. An Unknown Named Number of Federal Judges and United States Covert Government Agents*, No. 1:13 CV 1763 (N.D. Ohio Oct. 10, 2013)(§1915(e)); *Banks v. Pugh*, No. 4:13 CV 2439 (N.D. Ohio May 30, 2014)(§ 1915(g));*Banks v. Zickefoose,* No. 4:13 CV 2715 (N.D. Ohio May 30, 2014)(§ 1915(g)); *Banks v. CCA Corporate Office*, No. 4:13 CV 2721 (N.D. Ohio Apr. 23, 2014)(§ 1915(g)); *Banks v. Pugh*, No. 4:13 CV 2522 (N.D. Ohio Sept. 9, 2014)(§ 1915(g)) .

Middle District of Pennsylvania: *Banks v. Nicklin*, No. 1:06 CV 1396 (M.D. Pa Sept. 26, 2007)(dismissed as frivolous); *Banks v. Multi-Million Dollar Mistakes of Julie Nicklin*, No. 1:06 CV 1549 (M.D. Pa. Sept. 20, 2007)(dismissed as frivolous); *Banks v. Dove*, No. 1:06 CV 2289 (M.D. Pa. Jan. 16, 2007)(§ 1915(e)); *Banks v. Green*, No. 1:07 CV 21 (M.D. Pa. Dec. 11, 2007)(§1915(e)); *Banks v. Allen*, No. 1:07 CV 22 (M.D. Pa. Nov. 29, 2007)(§1915(e)); *Banks v. Crockett*, No. 1:07 CV 1019 (M.D. Pa. June 7, 2007)(§ 1915(g)); *Banks v. United States Attorney*, No. 1:08 CV 1394 (M.D. Pa. Aug. 15, 2008)(§ 1915(e)); *Banks v. Williams*, No. 1:10 CV 675 (M.D. Pa. Apr. 14, 2010)(§ 1915(g)); *Banks v. Pearson*, No. 1:10 CV 1103 (M.D. Pa. May 26, 2010)(§ 1915(g)); *Banks v. Guffy*, No. 1:10 CV 2130 (M.D. Pa. Jan. 10, 2012)(§1915(e) and § 1915(g)); *Banks v. Equitable Gas Co.*, No. 1:11 CV 511 (M.D. Pa. May 31, 2011)(§ 1915(e)); *Banks v. Warden*, No. 1:11 CV 668 (M.D. Pa. Apr. 21, 2011)(§ 1915(g)); *Banks v. Whitaker*, No. 1:11 CV 669 (M.D. Pa. Apr. 19, 2011)(§ 1915(g)); *Banks v. Sager, No.* 1:11 CV 741 (M.D. Pa. Apr. 21, 2011)(§ 1915(g)); and *Banks v. CIA*, No. 13 CV 2664 (M.D. Pa. Dec. 2013)(§1915(e)); *Banks v. Shazar*, No. 1:13 CV 3036 (M.D. Pa. Jan. 15, 2014)(§ 1915(g)); *Banks v. Pearson*, No. 1:13 CV 3037 (M.D. Pa. Jan. 15, 2014)(§ 1915(g)); *Banks v. US Inspector General*, No. 1:13 CV 3038 (M.D. Pa. Jan. 15, 2014)(§ 1915(g)); *Banks v. Federal Bureau of Prisons*, No. 1:13 CV 3039 (M.D. Pa. Jan. 15, 2014)(§ 1915(g)); *Banks v. CNN*, No. 1:13 CV 3025 (M.D. Pa. Jan. 6, 2014)(§ 1915(g)); *Banks v. Director of the CIA*, No. 1:13 CV 3030 (M.D. Pa. Jan. 14, 2014)(§ 1915(g)); *Banks v. Conti*, No. 1:13 CV 3032 (M.D. Pa. Jan. 15, 2014)(§ 1915(g)); *Banks v. Director, NSA*, No. 1:13 CV 3033 (M.D. Pa. Jan. 15, 2014)(§ 1915(g)); *Banks v. Hon. Nora Barry Fisher*, No. 1:13 CV 3034(M.D. Pa. Jan. 15, 2014)(§ 1915(g)); *Banks v. Secretary of the Interior*, No. 1:13 CV 3035 (M.D. Pa. Jan. 15, 2014)(§ 1915(g)); *Banks v. Obama*, No. 1:13 CV 3040 (M.D. Pa. Jan. 15, 2014)(§ 1915(g)); *Banks v. Hardiman*, No. 1:13 CV 3041 (M.D. Pa. 3041 Jan. 15, 2014)(§ 1915(g)); *Banks v. Zickefoose*, No. 1:13 CV 3042 (M.D. Pa. Jan. 15, 2014)(§ 1915(g)); *Banks v. Secretary of State*, No. 1:13 CV 3043 (M.D. Pa. Jan 15, 2014)(§ 1915(g)); *Banks v. All United States District Courts*, No. 1:13 CV 3044 (M.D. Pa. Jan. 15, 2014)(§ 1915(g)); *Banks v. Pugh*, No. 1:13 CV 3045 (M.D. Pa. Jan. 15, 2014)(§ 1915(g)); *Banks v. Director CIA*, No. 1:13 CV 3083 (M.D. Pa. Jan. 15, 2014)(§ 1915(g)); *Banks v. Obama*, No. 1:13 CV 3084 (M.D. Pa. Jan 15, 2014)(§ 1915(g)); *Banks v. Director Office of Science and Technology Behavioral Modification Unit* (M.D. Pa. Jan. 23, 2014)(§ 1915(g)); *Banks v. U,S. District Court for the Western District of PA*, No. 1:14 CV 452 (M.D. Pa. Mar. 26, 2014)(pleading stricken by the Court); *Banks v. Swoboda*, No. 1:14 CV 584 (M.D. Pa. Apr. 7,

2014)( pleading stricken by the Court); *Banks v. Director FBI*, No. 1:14 CV 585 (M.D. Pa. Apr. 22, 2014)(pleading stricken by the Court); *Banks v. Cessar*, No. 1:14 CV 636 (M.D. Pa. Apr. 10, 2014)(pleading stricken by the Court); *Banks v. Kornak*, No. 1:14 CV 955 (M.D. Pa. June 11, 2014)(§ 1915(g) and enjoined) . In addition, Banks filed 38 cases which were transferred to other District Courts.

Western District of Pennsylvania: *Banks v.* Hull, No. 2:04 CV 1771(W.D. Pa. July 3, 2007)(§ 1915(e) and §1915(g)); *Banks v. Nordtvedt*, No. 2:05 CV 607 (W.D. Pa. Feb. 28, 2006)(§1915(e)); *Banks v. Cty of Allegheny, Pa.*, No 2:05 CV 781 (W.D. Pa. June 30, 2008)(§1915(e)); *Banks v. Hayward*, No. 2:06 CV 509 (W.D. Pa. May 30, 2006)(§1915(e)); *Banks v. Aramark Correctional Services*, No. 2:06 CV 1424 (W.D. Pa. Aug. 15, 2008)(§ 1915(e)); *Banks v. Hayward*, No. 2:06 CV 1572 (W.D. Pa. Jan. 10, 2007)(§1915(e)); *Banks v. Pittsburgh Tribune Review*, No. 2:07 CV 336 (W.D. Pa. May 4, 2007)(§ 1915(e)); *Banks v. Buchanan*, No. 2:08 CV 1209 (W.D. Pa. Nov. 21, 2008)(§1915(e)); *Banks. v. United States*, No. 2:09 CV 676 (W.D. Pa. July 14, 2009)(§ 2255 habeas petition dismissed because it was a civil rights action inappropriately filed in criminal action); *Banks v. Commonwealth of Pennsylvania*, No. 2:09 CV 1437 (W.D. Pa. Feb. 11, 2010)(§1915A); *Banks v. U.S. Attorney's Office for the Western District of Pennsylvania*, No. 2:11 CV 626 (W.D. Pa. Dec. 22, 2011)(§1915(e)); *Banks v. T. Blumm*, No. 2:11 CV 640 (W.D. Pa. May 19, 2011)(§ 1915(g)); *Banks v. Balland*, No. 2:13 CV 58 (W.D. Pa. May 8, 2013)(§1915(g)); *Banks v. Renewal, Inc.,* No. 2:13 CV 129 (W.D. Pa. Mar. 11, 2013)(§1915(g)); *Banks v. Sproat*, 2:13 CV 922 (W.D. Pa. July 19, 2013)(mandamus dismissed under § 1915(g)); *Banks v. United Safety Service*, No. 2:13 CV 1198 (W.D. Pa. Nov. 6, 2013)(§ 1915(g)); *Banks v. Ben*, No. 2:13 CV 1582 (W.D. Pa. Nov. 5, 2013)(§ 1915(g)); *Banks v. United States*, No. 2:13 CV 1615 (W.D. Pa. Nov. 13, 2013)(§ 1915(g)); *Banks v. Realty Counseling Co.*, No. 2:13 CV 1025 (W.D. Pa. Aug. 20, 2013)(§ 1915(e)); *Banks v. State Farm*, No. 2:13 CV 1151 (W.D. Pa. Nov. 13, 2013)(§ 1915(e)); *Banks v. State Farm*, No. 2:13 CV 1152 (W.D. Pa. Oct. 28, 2013)(§ 1915(e)); *Banks v. United States Probation Dep't for the Western District of Pennsylvania*, No. 2:13 CV 1199 (W.D. Pa. Sept, 19, 2013)(§ 1915(e)); *Banks v. Duquesne Light Co.*, No. 2:13 CV 1350 (W.D. Pa. Nov. 14, 2013)(§ 1915(e)); *Banks v. Machesky*, No. 2:13 CV 781 (W.D. Pa. Nov. 6, 2013)(§ 1915(e)); *Banks v. Southside Salvation Army Halfway House and Store/Warehouse*, No. 2:13 CV 939 (W.D. Pa. Sept. 16, 2013)(§ 1915(e)); *see also Banks v. Moore*, No.2:05-cv-00261 (W.D. Pa Mar. 2, 2006) (civil action filed as bankruptcy appeal); *Banks v. Berger*, No. 2:05-cv-00594 (W.D. Pa. Feb. 28, 2006) (civil action filed as bankruptcy appeal); *Banks v. Herbert*, No. 2:05-cv-00595 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Byrd*, No. 2:05-cv-00596 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Wells*, No. 2:05-cv-00597 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Monkey Karaoke*, No. 2:05-cv-00598 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Bank v. Russell*, No. 2:05-cv-00599-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Davis,* No. 2:05-cv-00600-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Nathan Angelus Software,* No. 2:05-cv-00601 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. County of Allegheny*, No. 2:05-cv-00602-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v.*

*Hentosh*, No. 2:05-cv-00603-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. American Express*, No. 2:05-cv-00604-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Action Software*, No. 2:05-cv-00605-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. 101 Distribution*, No. 2:05-cv-00606 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Nordtvedt*, No. 2:05-cv-00607-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Rabin*, No. 2:05-cv-00608 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Hickman*, No. 2:05-cv-00609 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Pinkas*, No. 2:05-cv-00610-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Taylor*, No. 2:05-cv-00611-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. LaBella*, No. 2:05-cv-00612-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Calabrese*, No. 2:05-cv-00613-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Fox*, No. 2:05-cv-00614 (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Freund*, No. 2:05-cv-00615-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. DKT*, No. 2:05-cv-00616-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Bank One, N.A.*, No. 2:05-cv-00617-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Moore*, No. 2:05-cv-01064-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *In Re Banks*, 2:05-cv-01128-JFC (W. D. Pa. Feb. 28, 2006)(civil action filed as bankruptcy appeal); *Banks v. Pugh*, No. 2:13 CV 119 (W.D. Pa. Jan. 25, 2013)(civil rights filed as § 2241 habeas terminated under § 1915(g)); *Banks v. United States*, No. 2:13 CV 1615 (W.D. Pa. Dec. 12, 2013)(§ 1915(g)); *Banks v. Dictorate,* No. 2:13 CV 1712 (W.D. Pa. Mar. 27, 2014)(dismissed as frivolous under § 1915(e)); *Banks v. One or More Unknown Names U.S. Agents*, No. 2:14 CV 403 (W.D. Pa. Mar. 26, 2014)(§ 1915(g)); *Banks v. One or More Unknown Names U.S. Agents*, No. 2:14 CV 404 (W.D. Pa. Mar. 26, 2014)(§ 1915(g)); *Banks v. Hornak*, No. 2:14 CV 362 (W.D. Pa. May 19, 2014)(§ 1915(g)).

District of Massachusetts: *Banks v. Sutherland*, No. 1:08 CV 10880 (D. Mass. May 28, 2008)(§ 1915(g)).

District of New Jersey; *Banks v. Tabatchnick Fine Foods*, No. 3:07 CV 4889 (D. N.J. Oct. 18, 2007)(§1915(g)); *Banks v. Federal Bureau of Prisons*, No. 1:11 CV 1449 (D. N.J. Feb. 14, 2012)(§ 1915(g)); *Banks v. Marantz*, No. 1:11 CV 1668 (D. N.J. Feb. 10, 2012)(§ 1915(g)); *Banks v. Marantz*, No. 1:11 CV 1753 (D. N.J. Feb. 14, 2012)(§ 1915(g)); *Banks v. Wagner*, No. 1:11 CV 2854, (D. N.J. Feb. 10, 2012)(§ 1915(g)); *Banks v. Director*, No. 1:11 CV 2876 (D. N.J. Feb 10, 2012)(§ 1915(g)); *Banks. v. FCI Fort Dix Food Services*, No. 1:11 CV 3446 (D. N.J. June 27, 2011)(§ 1915(g)); *Banks v. Sutherland*, 1:11 CV 4951, (D. N.J. Sept. 6, 2011)(§ 1915(g)); *Banks v. Lofton*, No. 1:11 CV 5221 (D. N.J. Dec. 30, 2011)(§ 1915(g)).

Eastern District of North Carolina: *Banks v. Waiters*, No. 5:06 CV 491 (EDNC June 7, 2007)(§1915(e)); *Banks v. Stansberry*, No. 5:06 HC 2153 (EDNC Nov. 13, 2006)(civil rights action filed under § 2241 dismissed as frivolous) *Banks v. Stansberry*, No. 5:07 HC 2023 (EDNC

Apr. 2, 2007)(civil rights action filed under § 2241 dismissed as frivolous); *Banks v. Stansberry*, No. 5:07 HC 2011 (EDNC Apr. 5, 2007)(civil rights action filed under § 2241 dismissed as frivolous); *Banks v. United States Attorney*, No. 5:08 HC 2117 (EDNC Dec. 31, 2008)(mandamus dismissed under §1915(e)).

District of Columbia District: *Banks v. President United States*, No. 1:06 CV 1868 (DDC Nov. 1, 2006)(§ 1915(e)); *Banks v. One Hundred or More Unknown Named Federal Agents*, No. 1:06 CV 2066 (DDC Dec. 4, 2006)(civil rights action filed under § 2241 and dismissed)*; Banks v. Moran*, 1:07 CV 466 (DDC Mar. 19, 2007)(§ 1915(e)); *Banks v. Federal Bureau of Prisons*, No. 1:08 CV 18 (DDC July 25, 2008)(§ 1915(g)); *Banks v. Lappin*, No. 1:08 CV 152 (DDC Sept. 4, 2008)(§ 1915(g)); *Banks v. Lawson*, No. 1:08 MC 277 (DDC May 27, 2008)(§ 1915(g)); *Banks v. CIA*, No. 1:14 CV 1177 (DDC July 21, 2014)(§ 1915(e)); *Banks v. Hamilton*, No. 1:14 mc 1150 (DDC Oct. 8, 2014)(§ 1915(g)) .

Western District of Oklahoma: *Banks v. United States Marshal Serv.*, No. 5:07 CV 229 (W.D. Okla. Aug. 1, 2007)(§ 1915A); *Banks v. Partyka*, No. 5:07 CV 331 (W.D. Okla. Sept. 11, 2007)(§1915(e)); *Banks v. Warden of the Federal Transfer Center*, No. 5:11 CV 151 (W.D. Okla. July 13, 2011)(civil rights action filed under § 2241); *Banks v. Warden of the Federal Transfer Center*, No. 5:11 CV 201 (W.D. Okla. Mar. 5, 2012)(civil rights action filed under § 2241).

Eastern District of Arkansas: *Banks v. Bureau of Indian Affairs*, No. 2:11 CV 191 (ED Ark. July 10, 2012)(§ 1915(e) and § 1915(g)); *Banks v. Aviant*, No. 2:12 CV 69 (E.D. Ark. June 15, 2012)(§ 1915(g)); *Banks v. Outlaw*, No. 2:12 CV 94 (E.D. Ark June 14, 2012)(§ 1915(g)); *Banks v. Jones*, No. 2:12 CV 128 (E.D. Ark. July 16, 2013)(§ 1915(g)); *Banks v. Federal Bureau of Prisons*, No. 2:12 CV 137 (E.D. Ark. Aug. 20, 2012)(§ 1915(g)); *Banks v. Fenner*, No. 2:12 CV 138 (E.D. Ark. July 18, 2012)(§ 1915(g)); *Banks v. Warden*, No. 2:12 CV 139 (E.D. Ark. July 19, 2012)(§1915(g)); *Banks v. Federal Bureau of Prisons*, No. 2:12 CV 150 (E.D. Ark. Mar. 25, 2013)(§1915(e)); *Banks v. Johnson*, No. 2:12 CV 177 (E.D. Ark. Sept. 19, 2012)(§ 1915(g)); *Banks v. Clinton*, No. 4:12 CV 183 (E.D. Ark. Mar. 28, 2012)(§ 1915(g)); *Banks v. Hanks*, No. 2:12 CV 221 (E.D. Ark. Jan. 31, 2013)(§ 1915(g)); *Banks v. Pugh*. No. 2:13 CV 30 (E.D. Ark. Apr. 1, 2013)(§ 1915(g)); *Banks v. Forest City*, No. 2:13 CV 38 (E.D. Ark. Apr. 25, 2013)(§ 1915(e)); *Banks v. Halke*, No. 2:13 CV 60 (E.D. Ark. June 14, 2013)(§ 1915(g)); *Banks v. Does*, No. 2:13 CV 64 (E.D. Ark. May 29, 2013)(§1915(g)); *Banks v. Roberts*, No. 2:13 CV 70 (E.D. Ark. July 2, 2013)(§ 1915(g)); *Banks v. Haynes*, No. 2:13 CV 82 (E.D. Ark. July 8, 2013)(§1915(e)); *Banks v. Thompson*, No. 4:13 CV 382 (E.D. Ark. July 3, 2013)(§ 1915(g)); *Banks v. Davenport*, No. 4:13 CV 412 (E.D. Ark. Aug. 27, 2013)(denied ifp in district court and on appeal under § 1915(g)); *Banks v. Antitrust Div.*, No. 4:13 CV 455 (E.D. Ark. Aug. 12, 2013)(§ 1915(g) dismissal and enjoined); *Banks v. Davenport*, No. 4:13 CV 480 (E.D. Ark. Aug. 22, 2013)(§ 1915(e)); *Banks v. Davenport*, No. 4:13 CV 481 (E.D. Ark. Oct. 10, 2013)(§ 1915(e)); *Banks v. Samuels*, No. 4:13 CV 482 (E.D. Ark. Aug. 22, 2013)(§1915(e)).

Eastern District of Missouri: *Banks. v. United States Attorney*, No. 1:08 CV 58 (ED Mo. May 12, 2008)(dismissed § 1915(e), denied ifp on appeal § 1915(g)).

Southern District of Mississippi: *Banks v. Reese*, No. 5:07 CV 117 (S.D. Miss. May 15, 2008)(§ 1915(g)); *Banks v. Holt*, No. 5:07 CV 161 (S.D. Miss. May 15, 2008)(§ 1915(g)); *Banks v. Reese*, No. 5:07 CV 172 (S.D. Miss. Nov. 14, 2007)(dismissed as civil rights action filed as a § 2241 petition); *Banks v. Duckworth*, No. 5:07 CV 214 (S.D. Miss. Mar. 14, 2008)(§ 1915(g)); *Banks v. Williams*, No. 5:07 CV 226 (S.D. Miss. May 2, 2008)(§ 1915(g)); *Banks v. Dalton*, No. 5:07 CV 183 (S.D. Miss Nov. 16, 2007)(dismissed as civil rights action filed as a § 2241 petition); *Banks v. Wright*, No. 5:07 CV 193 (S.D. Miss. Nov. 13, 2007)(dismissed as civil rights action filed as a § 2241 petition); *Banks v. Reese*, No. 5:07 CV 34 (May 4, 2007)(dismissed as civil rights action filed as a § 2241 petition); *Banks v. Reese*, No. 5:08 CV 12 (S.D. Miss. Jan. 30, 2009)(civil rights action filed as a § 2241 petition dismissed as frivolous); *Banks v. Pearson*, No. 5:08 CV 153 (S.D. Miss. July 10, 2009)(dismissed as civil rights action filed as a § 2241 petition); *Banks v. Sutherland*, No. 5:08 CV 222 (S.D. Miss Oct. 27, 2008)(§ 1915(g)); *Banks v. Pearson*, No. 5:08 CV 233 (S.D. Miss. Nov. 7, 2008)(§ 1915(g));  *Banks v. Pearson*, No. 5:08 CV 248 (S.D. Miss. Oct. 24, 2008)(§ 1915(g)); *Banks v. United States Attorney*, No. 5:08 CV 255 (S.D. Miss Dec. 22, 2008)(§ 1915(g)); *Banks v. Bradshaw*, No. 5:08 CV 261 (S.D. Miss. Sept. 5, 2008)(§ 1915(g)); *Banks v. Williams*, No. 5:08 CV 271 (S.D. Miss. Feb. 23, 2009)(§1915(g)); *Banks v. Bradshaw*, No. 5:08 CV 276 (S.D. Miss. Feb. 25, 2009)(§ 1915(g)); *Banks v. Postmaster, Yazoo City*, No. 5:08 CV 281 (S.D. Miss. Feb. 23 2009)(§ 1915(g)); *Banks v. Pearson*, No. 5:08 CV 313 (S.D. Miss. Jan. 22, 2009)(civil rights action filed as a § 2241 petition dismissed as frivolous under § 1915(e)); *Banks v. Hunt,* No. 5:08 CV 318 (S.D. Miss. Jan. 29, 2009)(civil rights action filed as a §2241 petition); *Banks v. Pearson*, No. 5:08 CV 339 (S.D. Miss. Jan. 22, 2009)(mandamus dismissed as frivolous); *Banks v. Luton*, No. 5:08 CV 340 (S.D. Miss. Jan. 22, 2009)(civil rights action filed under § 2241 dismissed. Court states Banks is attempting to avoid § 1915(g) by filing § 2241 petition); *Banks v. Hunt*, No. 5:09 CV 65 (S.D. Miss. May 12, 2009)(civil rights action filed under §2241); *Banks v. Hunt*, No. 5:09 CV 71 (S.D. Miss. May 12, 2009)(§ 1915(g)); *Banks v. Obama*, No. 5:09 CV 74 (S.D. Miss. Aug. 6, 2009)(mandamus dismissed as frivolous); *Banks v. United States*, No. 5:09 CV 77 (S.D. Miss. May 15, 2009)(§ 1915(g)); *Banks v. Obama*, No. 5:09 CV 78 (S.D. Miss.  May 18, 2009)(§1915(g)); *Banks v. Edwards*, No. 5:09 CV 79 (S.D. Miss. May 18, 2009)(§1915(g)); *Banks v. Foster*, No. 5:09 CV 83 (S.D. Miss. May 21, 2009)(§1915(g)); *Banks v. John Does*, No. 5:09 CV 114 (S.D. Miss. Oct. 13, 2009)(failure to comply with court's orders); *Banks v. Pearson*, No. 5:09 CV 155 (S.D. Miss. Sept. 9, 2010)(civil rights actions filed as a § 2241 petition); *Banks v. Obama*, No. 5:09 CV 158 (S.D. Miss. Oct. 21, 2009)(civil rights action field as a § 2241 petition dismissed as frivolous); *Banks v. Allen*, NO. 5:09 CV 169 (S.D. Miss. Oct. 23, 2009)(§ 1915(g)); *Banks v. Everett*, No. 5:09 CV 173 (S.D. Miss. Oct. 21, 2009)(§ 1915(g)); *Banks v. Everett*, No. 5:09 CV 174 (S.D. Miss. Oct. 21, 2009)(§ 1915(g));*Banks v. Chisolm*, No. 5:09 CV 181 (S.D. Miss. Nov. 10, 2009)(§1915(g)); *Banks v. Everett*, 5:09 CV 183 (S.D. Miss. Nov. 19, 2009)(§2241 petition dismissed as frivolous); *Banks v. Everett*, 5:09 CV 194 (S.D. Miss. Feb. 9, 2010)(civil rights action filed under § 2241 dismissed); *Banks v. Chisolm*, No. 5:09 CV 198 (S.D. Miss. Feb. 9, 2010)(civil rights action filed under §2241 dismissed as frivolous);

*Banks v. Fiber*, No. 5:09 CV 201 (S.D. Miss. Dec. 4, 2009)(§1915(g)); *Banks v. Check*, No. 5:09 CV 211 (S.D. Miss. Mar. 4, 2010)(civil rights action filed as § 2241 found to be duplicative of Case No. 5:09 CV 132, and dismissed as frivolous); *Banks v. Unknown Richard*, No. 5:09 CV 212 (S.D. Miss. Jan. 7, 2010)(§1915(g)); *Banks v. Holsten*, No. 5:10 CV 008 (S.D. Miss. Feb. 8, 2010)(civil rights action filed under § 2241 dismissed as frivolous. Banks warned against filing inappropriate §2241 petitions); *Banks v. Blow*, No. 5:10 CV 10 (S.D. Miss. Nov. 28, 2012)(civil rights action filed as a §2241 petition dismissed as frivolous); *Banks v. Pearson*, No. 5:10 CV 22 (S.D. Miss. Nov. 28, 2012)(same); *Banks v. Blow*, No. 5:10 CV 23 (S.D. Miss. Mar. 10, 2010)(§1915(g)); *Banks v. Roberts*, No. 5:10 CV 39 (S.D. Miss. May 11, 2010)(§ 1915(g)); *Banks v. Williams*, No. 5:10 CV 41 (S.D. Miss. Apr. 30, 2010)(§ 1915(g)); *Banks v. Burch*, No. 5:10 CV 46 (S.D. Miss. Mar. 31, 2010)(§1915(g)); *Banks v. Langford*, No. 5:10 CV 53 (S.D. Miss. Apr. 26, 2010)(§1915(g)); *Banks v. Gower*, No. 5:10 CV 56 (S.D. Miss. May 7, 2010)(§1915(g)); *Banks v/ Federal Bureau of Prisons*, No. 5:10 CV 58 (S.D. Miss. Apr. 30, 2010)(§1915(g)); *Banks v. Gower*, No. 5:10 CV 59 (S.D. Miss. May 7, 2010)(§ 1915(g)); *Banks v. Barnes*, No. 5:10 CV 60 (S.D. Miss. May 27, 2010)(§1915(g)); *Banks v. Burch,* No. 5:10 CV 61 (S.D. Miss. Apr. 26, 2010)(§1915(g)); *Banks v. Everett*, No. 5:10 CV 62 (S.D. Miss. May 27, 2010)(§1915(g)); *Banks v. Lott*, No. 5:10 CV 78 (S.D. Miss. May 7, 2010)(§1915(g)); *Banks v. Love*, No. 5:10 CV 83 (S.D. Miss. May 12, 2010)(§ 1915(g)); *Banks v. Langford*, No. 5:10 CV 88 (S.D. Miss. May 27, 2010)(§ 1915(g)); *Banks v. Pitts*, No. 5:10 CV 91 (S.D. Miss. May 27, 2010)(§ 1915(g)); *Banks v. Pearson*, No. 5:10 CV 93 (S.D. Miss. June 2, 2010)(§1915(g)); *Banks v. Pearson*, No. 5:10 CV 94 (S.D. Miss. June 1, 2010)(§1915(g)); *Thomas et al. v. 2255 Haley Barbour Parkway*, No. 5:10 CV 108 (S.D. Miss. Mar. 23, 2011)(court determined Banks was attempting to avoid §1915(g) by filing with other plaintiffs. Court separated the cases and dismissed Banks under § 1915(g)); *Banks v. Federal Bureau of Prisons*, No. 5:10 CV 109 (S.D. Miss. Sept. 9, 2010)(civil rights case filed as a § 2241 petition dismissed with prejudice as frivolous); *Banks v. Sessions*, No. 5:10 CV 141 (S.D. Miss. Dec. 22, 2011)(civil rights action filed under § 2241 dismissed as frivolous); *Banks v. Secretary of the Interior*, No. 5:10 CV 157 (S.D. Miss. Oct. 22, 2010)(§1915(g)); *Banks v. Secretary of the Interior*, No. 5:10 CV 164 (S.D. Miss. Nov. 2, 2010)(§1915(g)); *Banks v. United States*, No. 5:11 CV 32 (S.D. Miss. Mar. 4, 2011)(§1915(g))*; Banks v. 2255 Haley Barbour Parkway*, No. 5:11 CV 48 (S.D. Miss. Mar. 31, 2011)(§1915(g)); .

District of Alaska: *Banks v. Sutherland*, No. 3:08 CV 126 (D. Alaska June 11, 2008)(transferred to the Southern District of Mississippi. No connection to Alaska.)

District of Arizona: *Banks v. Hardy*, No. 4:11 CV 004 (D. Ariz. Jan. 25, 2011)(§1915(e) in district court; ifp denied on appeal under §1915(g)); *Banks v. Brown*, No. 4:11 CV 16 (D. Ariz. Jan. 25, 2011)(§1915(g)); *Banks v. Graber*, No. 4:11 CV 25 (D. Ariz. Mar. 25, 2011)(§ 1915(g) and §1915(e)); *Banks v. Unknown Party*, No. 4:11 CV 31 (D. Ariz. Feb. 1, 2011)(§1915(g)); *Banks v. Arnold*, No. 4:11 CV 79 (D. Ariz. Mar. 24, 2011)(§ 1915(g)); *Banks v. Smith*, No. 2:11 CV 298 (D. Ariz. Feb. 18, 2011)(§1915(e)).

District of Colorado: *Banks v.Vio Software*, No. 1:07 CV 587 (D. Colo. July 10, 2007)(§1915(e)).

Southern District of New York: *Banks v. Toobin,* No. 1:10 CV 1857 (SDNY Mar. 10, 2010) (§1915(e)).

Western District of New York: *Banks v. One or More Unknown Names U.S. Agents*, No. 6:14 CV 6140 (WDNY Apr. 8, 2014)(§ 1915(e)); *Banks v. One Named U.S. Magistrate Judge*, No. 6:14 CV 6141 (WDNY Apr. 8, 2014)(§ 1915(e)); *Banks v. CIA*, No. 6:14 CV 6396 (WDNY Oct. 31, 2014)(§ 2241 petition construed as civil rights action and dismissed under § 1915(e) as frivolous); *Banks v. Kidd*, No. 6:14 CV 6450 (§ 1915(e) dismissed as frivolous)

In addition, Banks attempted to enter an appearance to represent other inmates in two separate criminal actions in Florida. In *United States* v. *Jadusingh*, No. 6:05 cr 9 (MD. Fla.), Banks filed a Motion to Modify Sentence on behalf of Jadusingh and a Motion to Appear Ad Hoc Vice. Because he was not an attorney and was himself a prisoner, the documents were stricken. Similarly, in *United States v. Smith*, No. 0:91 cr 6159 (S.D. Fla. Apr. 14, 2008), Banks filed a Motion to appear Ad Hoc Vice seeking to represent the Defendant. The request was stricken because Banks is not an attorney, is himself incarcerated, and filed the document without the consent of the Defendant who did not want his services.

Banks also has two cases currently pending in the District of Utah: *Banks v. Jackson*, No. 2:13 CV 930 (D. Utah filed Oct. 9, 2013) and *Banks v. National Security Agency*, No. 2:13 CV 931 (D. Utah filed Oct. 9, 2013).